This bill is filed for a number of purposes. Chief among them are the removal of the executors of the will of the late Charles Barsotti, the appointment of a receiver to expedite the settlement of the estate by the sale of the Italian language newspaper Il Progresso, and the taking over by this court of the administration of the estate.
The affidavits filed are voluminous, and it has been impossible for me to thoroughly digest them in the short time within which counsel has asked me to come to some determination.
Charles Barsotti had for a long time conducted the Italian newspaper and a year or so before he died had with him in its management one, Angelo Bertolino. On his deathbed he made a will leaving his estate for life to his two children, Anna and Charles, Jr., with remainder to their issue. Bertolino and the Equitable Trust Company of New York were made executors. The will was probated in Bergen county. Among other things it provided that the paper should not be sold without the unanimous consent of the children and the executors. Shortly before his death — while he was very ill — Bertolino became president of the newspaper company at a salary of $30,000 per year. Before that time he had received a much smaller sum. His brother, Angelo, was also employed, and his brother-in-law was employed to place the advertising. An account was filed in the orphans court of Bergen county, but no notice — by inadvertence counsel of defendants say — was given to the remaindermen — the grandchildren. Large fees and commissions were asked for by the executors and counsel — not all of which have been paid. There is complaint against a subscription of $50,000 to an Italian hospital not mentioned in the will. The chief grievance, however, seems to be as to the conduct of the newspaper, and the failure of the executors to sell as desired by all those interested under the terms of the will. The desire to sell on the one side, and the refusal, at least for the present, on the other, are urged by the complainant as a reason why a receiver should be at once appointed on the theory of the New Jersey Refrigerating *Page 158 Company Case, 95 N.J. Eq. 215. Complainants say they have submitted an offer to the executors of $1,500,000 which has not been acted on. Defendants say they have had no opportunity of looking into the bona fides of the offer. These, in brief, are the salient points presented to the court in the matter. I listened for over three hours to arguments of counsel both as to the law and the facts, and after considering their eloquent and able presentments and studying for a day the affidavits as carefully as I could in that time, I have come to the following conclusions. I do not think at this time that I should take so drastic a step as the removal of the executors. I can see, of course, that Angelo Bertolino has — perhaps unwittingly — placed himself in a somewhat equivocal position. On the one hand, he is executor charged with the duty of concurring in a sale of the newspaper, and is receiving commissions for acting as executor. On the other hand, he is president of the newspaper corporation receiving a salary of $30,000 a year as long, at least, as the newspaper is controlled by the estate. At the same time I think he is entitled to a fuller hearing than one on affidavits and argument of counsel. The matter should be heard in this court with a chance for witnesses to be produced, examined and cross-examined, either in the presence of the court itself or before a special master.
I believe, however, that there is enough in the moving papers to justify me in removing the administration of this estate from the orphans court to the court of chancery. It is admitted that the accounting was attempted without proper notice to some of those vitally interested. It is unquestioned that this court has much broader powers than the orphans court, and that it alone can appoint a receiver if one should be found necessary. All matters in interest can be settled in one chancery suit. It it also to be observed that all beneficiaries under the will desire this and have asked for it. The executors only object. No satisfactory reason for this was given in reply to my repeated requests for one.
I do not think there was at the argument or can be any serious contention that the court of chancery has not the power so to do. *Page 159 
The cases — which I need not cite — simply hold that the court will not exercise such power unless it is convinced that the best interests of the estate demand it. I believe on the facts I have briefly outlined that this court should take over the administration and for the following added reasons. There is very evidently a bitter disagreement between the executors and the beneficiaries amounting practically to an impasse in regard to the sale of the largest asset — the paper. All the beneficiaries have requested it. The executors have advanced no valid reason against it. Finally, the estate can be better administered in all its aspects here than in the orphans court — especially in the decision as to the removal of the executors and the appointment of a receiver.
I will advise a decree accordingly.